## DURHAM *vs.* KEATON *et al.*

The rights and liabilities of a party not appealing, are determined and fixed by the first verdict; nor can they be changed by any further proceeding on the appeal trial.

Complaint, in Dougherty Superior Court. Tried before Judge ALLEN, at June Term, 1859.

Durham *vs.* Keaton *et al.*

Mr. Justice Lumpkin gives a full statement of the facts of this case, in the opinion of the Court, delivered by him.

VASON & DAVIS, for plaintiff in error.

SLAUGHTER & ELY, for defendants in error.

*By the Court.*—LUMPKIN, J., delivering the opinion.

This was an action brought by Benjamin W. Keaton, on a note for $489 00, against Durham and Hartnett, as partners in trade, and James Bond as security. Lindsay H. Durham pleaded that he never was a member of the firm of Durham and Hartnett; that he never signed the note sued on, nor authorized any one else to do so. He admits that he agreed to become the security of Hartnett on said note, and was willing that a verdict should go against him as such.

The jury found for the plaintiff the principal and interest due upon the note, together with the costs of the suit against Daniel Hartnett, as principal, and Lindsay H. Durham and James Bond, as securities.

Daniel Hartnett being dissatisfied with the verdict, entered an appeal—Lindsay H. Durham refusing to litigate further. On the appeal, the special jury found against Hartnett and Durham, as principals, and Bond as security. Whereupon, Durham moved for a new trial on the ground, that the verdict was contrary to law and evidence in this : that it was against Durham and Hartnett, as principals, when Hartnett was the only party appealing. The Court overruled the motion, and this decision is excepted to and brought up to this Court by writ of error.

The Act of 1837, (*Cobb*, 500) is of difficult and doubtful construction. It professes to explain and amend the Judiciary Act of 1799, and assigns as the reason of its passage the contrarity of opiinon and diversity of practice which prevailed in the different circuits, upon the subject of entering appeals. We are sorry to say, that the Act, however praiseworthy its purpose, had only made confusion worse confounded.

We adhere to the early interpretation put upon this Act by this Court, to-wit; That parties who fail, or refuse to

appeal, must abide by the first judgment as conclusive as to them, and that they cannot be affected by any future proceedings in the cause. True, *Bell vs. Bell,* 18 *Geo. Rep.* 38, may seem to be a modification of the former adjudications. It may be so in realty—still, the decision in that case is put upon the special circumstances, and was never intended to disturb the previous rulings.

If it be the will of the Legislature that one of a half dozen plaintiffs, or defendants, shall control the rest of his associates, and compel them to litigate with or without their consent, let the General Assembly say so " by declaration plain."

It is suggested that appeals are for the benefit of appellants. Who is to judge of that? Look at this case! The petit jury found Durham a surety only. To that, he consented, and by that verdict was willing to abide. Hartnett is dissatisfied with the verdict, not as rendered against himself, but in favor of Durham, appeals. Durham refuses to join him, and upon the appeal, Hartnett succeeds in having Durham bound as principal. We think the appeal verdict should be vacated as to Durham.